## UNITED STATES DISTRICT COURT
## DISTRICT COURT OF CONNECTICUT
## NEW HAVEN DIVISION

### CASE NO.: 3:26-cv-00640

LAURIE RUBIN,

          Plaintiff,

v.

BBQ AND FIREPLACE DEPOT, L.L.C. DBA
LUXURY FIRE,

          Defendant.

## COMPLAINT FOR COPYRIGHT INFRINGEMENT

### (INJUNCTIVE RELIEF DEMANDED)

Plaintiff LAURIE RUBIN by and through her undersigned counsel, brings this Complaint against Defendant BBQ AND FIREPLACE DEPOT, L.L.C. DBA LUXURY FIRE for damages and injunctive relief, and in support thereof states as follows:

### SUMMARY OF THE ACTION

1. Plaintiff LAURIE RUBIN ("Rubin") brings this action for violations of exclusive rights under the Copyright Act, 17 U.S.C. § 106, to copy and distribute Rubin's original copyrighted Work of authorship.

2. Rubin discovered photography at an early age after being gifted a Kodak Brownie 620 from her aunt and uncle. Her passion for art and photography grew with her and she won the cover of her high school arts journal, enrolled in R.I.T., and accepted a summer fellowship at Penland in North Carolina. Rubin began freelancing in New York for magazine jobs, spot illustrations and collages for Condes' Nast. Rubin has exhibited at Zolla/Lieberman Gallery, Catherine Edleman Gallery, Judy Saslow Gallery and the Libreria Galleria il Museo del Louvre

in Rome.  Her clients include Kellogg's, Quaker, Albert Culver, Ace Hardware, Lowes, General

Mills, Target, Nieman Marcus, Home Depot, Kraft Foods, Ralston Purina, and Kodak.  Rubin

also holds workshops for Kodak, APA, Santa Fe Photo Workshop and Polaroid.

3.      Defendant BBQ AND FIREPLACE DEPOT, L.L.C. DBA LUXURY FIRE

("Luxury Fire") is a fireplace e-retailer providing a selection of luxury fireplaces.  At all times

relevant herein, Luxury Fire owned and operated the internet website located at the URL

https://luxuryfire.com/ (the "Website").

4.      Rubin alleges that Luxury Fire copied Rubin's copyrighted Work from the

internet in order to advertise, market and promote its business activities.  Luxury Fire committed

the violations alleged in connection with Defendant's business for purposes of advertising and

promoting sales to the public in the course and scope of the Luxury Fire's business.

## JURISDICTION AND VENUE

5.      This is an action arising under the Copyright Act, 17 U.S.C. § 501.

6.      This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C.

§§ 1331, 1338(a).

7.      Luxury Fire is subject to personal jurisdiction in Connecticut.

8.      Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) and 1400(a)

because the events giving rise to the claims occurred in this district, Luxury Fire engaged in

infringement in this district, Luxury Fire resides in this district, and Luxury Fire is subject to

personal jurisdiction in this district.

## DEFENDANT

9.      BBQ and Fireplace Depot, L.L.C. dba Luxury Fire is a Connecticut Limited

Liability Company, with its principal place of business at 3876 Whitney Ave, Hamden,

**SRIPLAW**
CALIFORNIA ♦ FLORIDA ♦ GEORGIA ♦ INDIANA ♦ NEW YORK ♦ TENNESSEE ♦ TEXAS

Connecticut, 06518, and can be served by serving its Registered Agent, William Mastrangelo, Jr., at the same address.

## THE COPYRIGHTED WORK AT ISSUE

10.    In 2007, Rubin created the photograph entitled "070202_acecouch_1627-059," which is shown below and referred to herein as the "Work".



11.    Rubin registered the Work with the Register of Copyrights on April 6, 2007, and was assigned registration number VAu 750-348. The Certificate of Registration is attached hereto as **Exhibit 1**.

12.    At all relevant times Rubin was the owner of the copyrighted Work at issue in this case.

## INFRINGEMENT BY LUXURY FIRE

13.    Luxury Fire has never been licensed to use the Work for any purpose.

14.    On a date after the Work was created, but prior to the filing of this action, Luxury Fire copied the Work.

15.    On or about November 27, 2024, Rubin discovered the unauthorized use of an unauthorized derivative work of her Work on the Website.

16.    Defendant created an unauthorized derivative work of Rubin's copyrighted Work by editing the image to change colors and edit objects appearing in the image.  Most elements of the Work remain unchanged, allowing recognition of the underlying Work.

17.    Defendants committed copyright infringement of the Work as evidenced by the documents attached hereto as **Exhibit 2**.

18.    Defendant copied Rubin's copyrighted Work without Rubin's permission.

19.    After Defendant made an unauthorized derivative work of the Work, it made further copies and distributed and displayed the Work on the internet to promote the sale of goods and services as part of its e-commerce business.

20.    Luxury Fire copied and distributed Rubin's copyrighted Work in connection with Defendant's business for purposes of advertising and promoting Defendant's business, and in the course and scope of advertising and selling products and services.

21.    Rubin never gave Luxury Fire permission or authority to copy, distribute or display the Work, or to create a derivative work thereof.

22.    Rubin notified Luxury Fire of the allegations set forth herein on December 6, 2024, and December 30, 2024.  To date, the parties have failed to resolve this matter.

**COUNT I**
**<u>DIRECT COPYRIGHT INFRINGEMENT</u>**

23.    Rubin incorporates the allegations of paragraphs 1 through **Error! Reference source not found.** of this Complaint as if fully set forth herein.

24.    Rubin owns a valid copyright in the Work.

4
**SRIPLAW**
CALIFORNIA ♦ FLORIDA ♦ GEORGIA ♦ INDIANA ♦ NEW YORK ♦ TENNESSEE ♦ TEXAS

25.    Rubin registered the Work with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

26.    Luxury Fire copied, displayed, and distributed the Work and made derivatives of the Work without Rubin's authorization in violation of 17 U.S.C. § 501.

27.    Luxury Fire performed the acts alleged in the course and scope of its business activities.

28.    Defendant's acts were willful.

29.    Rubin has been damaged.

30.    The harm caused to Rubin has been irreparable.

WHEREFORE, Plaintiff LAURIE RUBIN prays for judgment against Defendant BBQ AND FIREPLACE DEPOT, L.L.C. DBA LUXURY FIRE that:

a.    Luxury Fire and its officers, agents, servants, employees, affiliated entities, and all of those in active concert with them, be preliminarily and permanently enjoined from committing the acts alleged herein in violation of 17 U.S.C. § 501;

b.    Luxury Fire be required to pay Rubin her actual damages and Defendant's profits attributable to the infringement, or, at Rubin's election, statutory damages, as provided in 17 U.S.C. § 504;

c.    Rubin be awarded her attorneys' fees and costs of suit under the applicable statutes sued upon;

d.    Rubin be awarded pre- and post-judgment interest; and

e.    Rubin be awarded such other and further relief as the Court deems just and proper.

## JURY DEMAND

Rubin hereby demands a trial by jury of all issues so triable.

**SRIPLAW**

CALIFORNIA ♦ FLORIDA ♦ GEORGIA ♦ INDIANA ♦ NEW YORK ♦ TENNESSEE ♦ TEXAS

Dated: April 24, 2026                    Respectfully submitted,

*/s/ Joseph A. Dunne*
JOSEPH A. DUNNE
Connecticut Bar Number: ct30816
joseph.dunne@sriplaw.com

**SRIPLAW, P. A.**
41 Madison Avenue
25th Floor
New York, New York 10010
561.404.4350 – Telephone
561.404.4353 – Facsimile

*Counsel for Plaintiff Laurie Rubin*

**SRIPLAW**
CALIFORNIA ♦ FLORIDA ♦ GEORGIA ♦ INDIANA ♦ NEW YORK ♦ TENNESSEE ♦ TEXAS